UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:21-cr-00014-JPH-CMM ) |
| PAUL HOOPINGARNER, | ) -01 ) |
| Defendant. | ) ) |

**ORDER ON FORFEITURE**

The Court held Mr. Hoopingarner's plea and sentencing hearing on August 17, 2023, and ordered forfeiture of the firearms used in the offenses. *See* dkt. 39. The judgment, entered on August 18, 2023, ordered forfeiture of "[a] Samsung cell phone, model SM-S10DL/IMEI, bearing serial number 357855108980653LGM327 X Charge; and an Alcatel cell phone, model A502DL/IMEI, bearing serial number 015145001090139." Dkt. 40 at 7.

On September 1, 2023, the government moved for a preliminary order of forfeiture for the two cell phones listed in the indictment as well as an LG smartphone with broken screen. Dkt. 42. However, the forfeiture ordered at the hearing and reflected in the judgment "was not merely a finding that forfeiture" was appropriate; "it was a *final* order of forfeiture." *United States v. Lee,* 77 F.4th 565, 583 (7th Cir. 2023). A preliminary order of forfeiture therefore appears to be inappropriate. *See id.* ("Sentences are legal acts meant to bring finality to the judicial process."); *United States v. Skaggs,* --- F.4th ----,

1

2023 WL 5428495 at *2 (7th Cir. Aug. 23, 2023) (explaining that "a district court normally must . . . enter the preliminary order *before* sentencing" and vacating a "postjudgment preliminary order of forfeiture").

The government's motion also explains that "[u]pon issuance of a Preliminary Order of Forfeiture, the United States, pursuant to 21 U.S.C. § 853(n) . . . will post notice of the Court's Order and the United States' intent to dispose of the Subject Property described above, and will provide notice directly to any third parties known to have an alleged interest in Subject Property." Dkt. 42 at 2. But that statutory forfeiture procedure for third-party interests is triggered by "an order of forfeiture" entered "in imposing sentence." 21 U.S.C. § 853(a), (n).

It thus appears that the government may follow 21 U.S.C. § 853(n) based on the final order of forfeiture imposed at sentencing, *see* dkt. 40, without the preliminary order it now seeks with respect to two of the cell phones requested in its motion for a preliminary order. However, the government may not seek forfeiture for the "LG smartphone with the broken screen" as this item was never identified by the government or by this court as subject to judicial forfeiture prior to sentencing. *See Skaggs*, --- F.4th ----, 2023 WL 5428495 at *2 ("[A] a court may not order additional property forfeited after the judgment is final.").

For these reasons, the government **MAY SHOW CAUSE by October 13, 2023** why the motion for a preliminary order of forfeiture should not be denied. If the government does not respond, the motion will be denied.

2

**SO ORDERED.**

Date: 9/22/2023

                                            *James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

Paul Hoopingarner
USP Marion
U.S. Penitentiary
P.O. Box 1000
Marion, IL  62959

3